## REA *v.* SMITH.

(Division A.   March 16, 1931.)

[133 So. 125.   No. 28818.]

**C. A. Bratton,** of Pontotoc, for appellant.

**W. J. Evans**, of Calhoun City, and **J. H. Ford**, of Houston, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellant filed a final account as administrator of the estate of J. D. Rea, deceased. Exceptions were filed to this account, one of which is that the administrator had charged himself with less than he should have for money received from the sale of certain property belonging to the estate. The court below, for reasons unnecessary here to set forth, declined to receive the final account, and ordered the appellant to file another within thirty days. The court, however, passed on, and sustained, the exception to the account hereinbefore set forth. This appeal is from the order sustaining this exception, and was granted by the court below "to settle the principles of the case."

Appeals of this character are governed by the statute now appearing as section 14 of the Code of 1930, which provides that:

"An appeal may in sound discretion be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when hav-

ing sustained or overruled a demurrer or motion he may think an appeal proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay. . . .''

This appeal is not within the statute, unless by it ''all the controlling principles involved in the cause'' can be settled, or unless it is an exceptional case, and by the appeal expense and delay may be avoided. The principles that can be here settled do not apply in full to the final decree to be rendered on the appellant's final account as administrator, or to any question there to be decided, except the specific item of the account here involved; and no additional expense or delay would have resulted from the court below denying it. The granting of this appeal has necessarily resulted in delaying the entering of the final decree, which, when rendered, may present other matters of which the appellant may and will complain, that will be in nowise controlled by any decision that can be here now rendered.

Appeals from interlocutory decrees within the limits of this statute aid in the orderly administration of justice, but, when the statutory limitation thereof is transgressed, such appeals usually delay, instead of expediting, the final determination of causes, and increase the expense incident thereto.

Appeal dismissed.